# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| D. PUCKETT, | ) | 1:13-cv-00840-BAM (PC) |
| | ) | |
| Plaintiff, | ) | SCREENING ORDER REQUIRING |
| | ) | PLAINTIFF TO FILE AMENDED |
| v. | ) | COMPLAINT OR NOTIFY COURT OF |
| | ) | WILLINGNESS TO PROCEED ONLY ON |
| R. YOUNG, et al., | ) | COGNIZABLE CLAIMS |
| | ) | (ECF No. 1) |
| Defendants. | ) | |
| | ) | |
| | ) | THIRTY-DAY DEADLINE |

## I.      Screening Requirement and Standard

Plaintiff Durrell Puckett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on June 3, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1    conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

2    1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

3    (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

4    unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5    (internal quotation marks and citation omitted).

6           Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

7    liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,

8    342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

9    plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

10   named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

11   (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

12   2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

13   consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at

14   678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

15   **II.    Plaintiff's Allegations**

16          Plaintiff's current address is the Department of State Hospitals in Vacaville, California.

17   The events alleged in the complaint occurred while Plaintiff was housed at the California

18   Correctional Institute.

19          Excessive Force

20          On June 12, 2009, Defendant P. Grant, along with Defendant J. Meyers, aggressively

21   slammed Plaintiff into the wall.  Defendant R. Young then violently struck Plaintiff repeatedly in

22   the face while he was being taken down by Defendants D. Jobb, J. Meyers and P. Grant.

23   Defendants J. Meyers and P. Grant struck Plaintiff with their hands, boots and baton.  Defendant

24   G. Rodriguez then hit Plaintiff's elbow multiple time with his baton.  Defendant Young kicked

25   Plaintiff in the face numerous times while Plaintiff was in cuffs.  While this was occurring,

26   Defendant D. Jobb was holding Plaintiff down to prevent his escape.

27          About ten to fifteen minutes later, Defendant Sergeant M. Slankard and Defendant

28   Sergeant C. Martinez pulled Plaintiff out of his holding cell and slammed him into the cell door.

Plaintiff flew off his feet and smashed head first.  While cuffed, Plaintiff crumbled to the floor and Defendants Slankard and Martinez starting hitting him.  Defendant Jobb held Plaintiff down and covered Plaintiff's mouth as he screamed for help.

Retaliation

On the same date, Defendant T. Peterson falsified a write-up, stating that Plaintiff tried to spit on her because she insinuated/ordered the assault by Defendants Martinez and Slankard.  Defendant T. Peterson also knew that Plaintiff wanted a camera interview.  Defendant Peterson, along with Defendant Grant, denied Plaintiff legal copies needed for his lawsuit against CDCR.

Defendants Grant, Slankard and Martinez were mad because Plaintiff wanted to speak to Lt. E. Noyce regarding their threats and violations.  Defendants Grant and R. Williams continued to threaten Plaintiff as he went to his unit.  They got the assistance of others and initiated the attack on Plaintiff.

Defendants Jobb, Meyers, Grant, Williams, Munoz, Rodriguez, Young, Slankard and Martinez falsified his CDC 115 and attempted to cover-up the prison brutality.  They attempted to manipulate the matter by saying only Defendant Young used force because he had flashbacks started by Plaintiff kicking him.  About 7-12 inmates started yelling, stating "Help Captain their [sic] stomping out a cuffed inmate" and other words to that effect.  (ECF No. 1, p. 5.)

Defendant Steers checked outside and then gave Defendant Martinez a thumbs-up.  Defendant Martinez then started his attack.

Discrimination

Plaintiff contends that Defendant Young called him a "nigger" as he hit and kicked Plaintiff in the head.  As Plaintiff screamed, an officer said "not in the face stupid what are you doing."  (ECF No. 1, p. 5.)  Defendant Young stated, "Fuck Niggers that's what I'm doing."  (Id.)

///

///

///

///

<u>Failure to Protect/Intervene</u>

Defendant Williams, Steers, Munoz, Peterson, Grant and others told Slankard and Martinez to continue the attack.  Defendants Williams and Munoz watched and condoned both attacks.

<u>Deliberate Indifference to Health and Safety</u>

Defendant Slankard ordered that Plaintiff be given nothing and Plaintiff was left on restrictions for over 10 days with no showers or clothing.  Plaintiff's food was deliberately thrown on the floor.  Plaintiff told Defendant Slankard of back pains, but he did not let Plaintiff leave the empty cell until July 30, 2009.

Plaintiff seeks both compensatory damages and cameras in places that inmates frequent.

**III.    Discussion**

**A.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u>; <u>see</u> <u>also</u> <u>Twombly</u>, 550 U.S. at 556–557; <u>Moss</u>, 572 F.3d at 969.

Although Plaintiff provides a short statement, it is not plain and it does not set forth sufficient factual matter in connection with certain claims.  For example, Plaintiff's retaliation claim is disjointed, chronologically misplaced and confusing.  As discussed below, certain of Plaintiff's claims do not provide specific factual information to permit the Court to determine if Plaintiff has stated a plausible claim for relief against the individually named defendants.  If Plaintiff elects to amend his complaint, he must set forth specific factual allegations against each defendant sufficient to state a claim that is plausible on its face.

///

**B.      Eighth Amendment – Excessive Force**

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. at 7 (internal quotation marks and citations omitted).

At the pleading stage, Plaintiff has stated a cognizable excessive force claim against Defendants P. Grant, J. Meyers, R. Young, D. Jobb, G. Rodriguez, M. Slankard, and C. Martinez.

**C.      Retaliation**

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

Here, Plaintiff's allegations of retaliation are disjointed and confusing and the sequence of events is unclear.  As currently alleged, the Court cannot discern a cognizable retaliation claim.  Plaintiff will be given leave to cure the deficiencies of this claim.

**D.      Discrimination**

Plaintiff alleges that Defendant Young used racial epithets as he hit and kicked Plaintiff in the head.  The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to discriminate against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Plaintiff does not allege that the use of excessive force by Defendants Young was the result of Plaintiff's membership in a protected class.  Rather, Plaintiff alleges that Defendant Young used racial epithets during an excessive force incident involving multiple officers, including Defendant Young.  The Ninth Circuit generally holds that mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see Villegas v. Schulteis, 2009 WL 2246765, *7 (E.D. Cal. Jul. 28, 2009) (prisoner failed to state a cognizable Equal Protection claim based on allegations that racially-charged language was used during the use of excessive force incident).

**E.      Eighth Amendment – Failure to Intervene**

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir.1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). "[A] prison

1    official can violate a prisoner's Eight Amendment rights by failing to intervene." Robins v.

2    Meecham, 60 F.3d 1436, 1442 (9th Cir.1995).

3         At the pleading stage, Plaintiff has stated a cognizable claim for failure to intervene in

4    violation of the Eighth Amendment against Defendants Williams and Munoz.  However,

5    Plaintiff's allegation that Defendants Steers, Peterson, and Grant told Defendants Slankard and

6    Martinez to continue the attack does not state a claim for failure to protect.  There is no factual

7    allegation that Defendants Steers, Peterson and Grant failed to intervene or where present during

8    any alleged attack by Defendants Slankard and Martinez.

9    **F.      Eighth Amendment – Deliberate Indifference**

10   Conditions of Confinement

11        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

12   conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,

13   452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). A prisoner's claim does not rise to the

14   level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

15   the 'minimal civilized measure of life's necessities,'" "and (2) "the prison official 'acted with

16   deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.2004)

17   (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.2002) (citation omitted)). In order to find

18   a prison official liable under the Eighth Amendment for denying humane conditions of

19   confinement within a prison, the official must know "that inmates face a substantial risk of

20   serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it." Farmer

21   v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

22        Here, Plaintiff has stated a cognizable claim against Defendant Slankard for inhumane

23   conditions of confinement based on the lack of showers and clothing.  However, there is no

24   indication that Defendant Slankard was responsible for throwing food on the floor.  Plaintiff will

25   be given leave to cure this deficiency.

26   Serious Medical Needs

27        "[T]o maintain an Eight Amendment claim based on prison medical treatment, an

28   inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

1   1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

2   L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

3   (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

4   result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)

5   "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096;

6   Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

7        Deliberate indifference is shown where the official is aware of a serious medical need and

8   fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir.

9   2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi,

10  391 F.3d at 1060. The prison official must be aware of facts from which he could make an

11  inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer,

12  511 U.S. at 837.

13       Plaintiff's allegations that he told Defendant Slankard of back pains, but was not allowed

14  to leave the empty cell until July 30, 2009, are not sufficient to state a cognizable claim for

15  deliberate indifference to serious medical needs.  Plaintiff has not demonstrated a serious

16  medical need or a substantial risk of serious harm and he has not alleged sufficient facts to

17  demonstrate that Defendant Slankard failed to adequately respond.  Plaintiff will be given leave

18  to cure these deficiencies.

19       **G.    Conclusion and Order**

20       Plaintiff's complaint states a cognizable excessive force claim against Defendants Grant,

21  Meyers, Young, Jobb, Rodriguez, Slankard, and Martinez, a cognizable claim for failure to

22  intervene against Defendants Williams and Munoz, and a cognizable claim for deliberate

23  indifference to Plaintiff's conditions confinement against Defendant Slankard.  Plaintiff fails to

24  state any other cognizable claims for relief.

25       The Court will grant Plaintiff an opportunity to cure the identified deficiencies which

26  Plaintiff believes, in good faith, are curable.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

27  2000).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated

28

claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only against Defendants Grant, Meyers, Young, Jobb, Rodriguez, Slankard, and Martinez for excessive force, against Defendants Williams and Munoz for failure to intervene, and against Defendant Slankard for deliberate indifference to his conditions of confinement, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims.  The remaining defendants and claims will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff chooses to file a first amended complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff must either:

a.      File a first amended complaint curing the deficiencies identified by the Court in this order, or

b.      Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only against Defendants P. Grant, J. Meyers, R. Young, D. Jobb, G. Rodriguez, M. Slankard, and C. Martinez for excessive force, against

Defendants Williams and Munoz for failure to intervene, and against Defendant Slankard for deliberate indifference to his conditions of confinement; and

3.      If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 4, 2014**                            /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE