1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| D. PUCKETT, | ) | 1:13-cv-00840-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO AMEND |
| | ) | THE COMPLAINT |
| v. | ) | (ECF No. 11) |
| | ) | |
| R. YOUNG, et al., | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO FILE PROPOSED AMENDED |
| Defendants. | ) | COMPLAINT |
| | ) | |
| | ) | ORDER DENYING MOTION FOR |
| | ) | EXTENSION OF TIME TO FILE |
| | ) | SUMMONS AND COMPLAINT FOR |
| | ) | SERVICE TO U.S. MARSHAL AS MOOT |
| | ) | (ECF No. 12) |
| | ) | |
| | ) | ORDER DISREGARDING OBJECTIONS |
| | ) | TO DISMISSAL OF RETALIATION CLAIM |
| | ) | AS MOOT |
| | ) | (ECF No. 13) |
| | ) | |
| _____ | ) | |

Plaintiff Durrell Puckett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 3, 2013. On June 4, 2014, the Court screened Plaintiff's complaint and found that it stated certain cognizable claims. The Court directed Plaintiff to either file an amended complaint or notify the Court that he intended to proceed only on the cognizable claims.

On June 20, 2014, Plaintiff filed a first amended complaint. On June 26, 2014, the Court screened Plaintiff's first amended complaint and found that it stated a cognizable excessive force

claim against Defendants Grant, Meyers, Young, Jobb, Rodriguez, Slankard and Martinez; a cognizable claim for failure to intervene against Defendants Williams, Munoz, Peterson and Steers; and a cognizable claim for deliberate indifference to Plaintiff's conditions of confinement against Defendant Slankard.  The Court dismissed Plaintiff's remaining claims, including his retaliation claim, and ordered service for Defendants Young, Williams, Jobb, Martinez, Rodriguez, Peterson, Steers, Munoz, Grant, Meyers and Slankard.  The Court also directed Plaintiff to submit service documents for these defendants within thirty (30) days.

On July 9, 2014, Plaintiff filed the instant motion requesting leave to amend the complaint, along with a proposed amended complaint.  Plaintiff also filed objections to the dismissal of his retaliation claim and a motion for a thirty-day extension of time to submit service documents.  (ECF Nos. 11, 12, 13.)

Motion to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading or motion under Rule 12.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only with opposing party's written consent or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  The Court should freely give leave when justice so requires.  Id.

Here, the Court previously granted Plaintiff leave to amend his complaint.  However, in light of the liberal pleading standard of Rule 15 and that the first amended complaint has not been served, no responsive pleading has been filed and defendants will not be prejudiced by further leave to amend, Plaintiff will be permitted to file an amended complaint.  Accordingly, Plaintiff's motion to amend shall be granted and the Clerk of the Court will be directed to file Plaintiff's proposed second amended complaint.  Thereafter, the Court will screen Plaintiff's second amended complaint in due course.

Motion for Extension of Time to File Summons and Complaint for Service

Plaintiff requests a thirty-day extension of time to submit service documents for the first amended complaint.  As the Court intends to grant Plaintiff leave to amend his complaint,

service of the first amended complaint is no longer necessary or appropriate.  Thus, Plaintiff does not require additional time to submit service documents and his request will be denied as moot.

                <u>Objections to Dismissal of Retaliation Claim</u>

                Plaintiff objects to the dismissal of his retaliation claim, which was contained in his first amended complaint.  However, as the Court intends to grant Plaintiff leave to amend and his proposed amended complaint contains a retaliation claim, his objections to dismissal of the retaliation claim shall be disregarded.  As stated, the Court will screen Plaintiff's second amended complaint in due course and determine whether or not he has stated a cognizable retaliation claim.

                <u>Conclusion and Order</u>

                For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend his complaint is GRANTED:

2. The Clerk of the Court is DIRECTED to file Plaintiff's proposed amended complaint, which was submitted on July 9, 2014;

3. Plaintiff's motion for an extension of time to submit service documents is denied as moot; and

4. Plaintiff's objections to dismissal of his retaliation claim are DISREGARDED as moot.

IT IS SO ORDERED.

    Dated:   __**July 18, 2014**__             ____/s/ *Barbara A. McAuliffe*____

                                               UNITED STATES MAGISTRATE JUDGE